# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-14-332-R |
| | ) | CIV-16-164-R |
| JACKIE LASHELL LASTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 432). The United States responded in opposition to the motion and Defendant has filed a reply brief in support of her position. On June 2, 2016, the Court conducted a hearing on the motion. Defendant appeared at the hearing via live video feed from Aliceville, Alabama where she is incarcerated. Defendant declined an opportunity to testify at the trial indicating that she would not testify because counsel had not been appointed for her. The Court explained its understanding of the issues, which Defendant confirmed. The Court further explained that because the issues were straightforward, counsel would not be appointed. Rather, Defendant could merely inform the Court as to her perspective regarding conversations she had with counsel related to her desire to appeal. Defendant refused to testify. Her former counsel testified at the hearing regarding their communications related to the plea proceedings and whether Defendant requested that he pursue a direct appeal. Having considered the parties' submissions, the Court concludes Defendant is not entitled to relief.

On June 5, 2015, pursuant to a Plea Agreement executed by Defendant and the United States, Defendant admitted that she "knowingly and intentionally combined, conspired, confederated, and interdependently agreed with others to possess with intent to distribute and to

distribute 28 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance." Doc. No. 280. Her actions were in violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(B). . Defendant agreed to waive her right to appeal the judgment and sentence imposed by the Court, except in the event the Court sentenced her to a term of imprisonment above the advisory guidelines range. She waived her right to seek collateral review, except with respect to claim of ineffective assistance of counsel.

On October 14, 2015, the Court sentenced Defendant to a term of imprisonment of 188 months, below the advisory guidelines range. On February 22, 2016 Defendant filed the instant motion arguing that she requested that counsel file a direct appeal after her sentencing, but that he failed to do so. She further alleges that counsel was constitutionally ineffective because he failed to challenge the quantity and purity of the drugs attributed to her. She asserts that she pled guilty without full understanding of the consequences of her plea and finally, that counsel failed to explain the appellate process. As a result, she did not understand her right to a trial or that she could appeal.

The hearing conducted by the Court was directed to Plaintiff's first claim, that counsel, despite Plaintiff's request, failed to initiate a direct appeal.

> Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484-85 (2000); *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must timely file a notice of appeal. If counsel believes after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under *Anders v. California*, 368 U.S. 738 (1967).

*United States v. Clark*, 2013 WL 6050160, *1 (D.Kan. Nov. 15, 2013). Defendant's former counsel testified that after sentencing, he fully explained to Defendant that in light of her waiver and the below-guidelines sentence imposed by the Court that there were no issues to appeal. He testified that he explained the process and that Ms. Laster never requested that he filed a notice of appeal. He testified credibly that if Defendant had requested, he would have filed a notice of appeal on her behalf. He also testified that he has in the past filed appeals in similar situations because he was requested to do so by a client. Defendant offered no testimony to oppose the testimony of Mr. Autry and the Court finds Mr. Autry's testimony more credible than the allegations in the motion, thus concluding that Defendant never asked counsel to pursue an appeal. As such, the Court cannot find that Mr. Autry was constitutionally ineffective for failing to do so, and Defendant is not entitled to relief on the first ground raised in her motion.

Defendant's remaining claims of ineffective assistance are similarly without merit. To succeed on a claim of ineffective assistance of counsel, she must show that counsel's performance was deficient and that the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. With regard to the issue raised in the second ground for relief, the purity of the drug involved, the issue was not relevant to Defendant's sentence, and therefore counsel's performance was not deficient and she could not have been prejudiced by counsel's failure to raise the issue. The sentencing guidelines provide that "the weight of a controlled substance . . . refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. 2D1.1 n. A. As such, counsel's failure

to object to the purity or the failure to provide Defendant with any laboratory testing results regarding the purity of the cocaine base at issue was not deficient performance.

To the extent Defendant complains that counsel was ineffective for failing to challenge the drug quantity, her claim fails because counsel made such a challenge. Defendant signed the Plea Agreement wherein she agreed to plead guilty to conspiracy to distribute 28 grams or more of a mixture or substance containing cocaine base. Doc. No. 280. The presentence investigation report attributed 2,834.95 grams of crack cocaine to Defendant, and her counsel objected to the report and filed a combined Sentencing Memorandum and Motion for Downward Departure and Downward Variance (Doc. No. 368) based on the quantity of drug attributed to her (Doc. No. 368). Ultimately the Court accepted the stipulated amount and varied downward from the advisory guidelines, setting imprisonment at 188 months. As such, the Defendant cannot succeed with regard to her contention that counsel was constitutionally ineffective in failing to challenge the quantity of drug attributable to her.

In Ground Three Defendant argues that her plea was not knowing and voluntary by arguing that "Defendant plead guilty without the total understanding of the consequences of her plea." (Doc. No. 432, p. 6). She does not elaborate on what consequences escaped her understanding when she executed the Plea Agreement and Petition to Enter a Plea of Guilty, or when she stood before the Court on June 5, 2015 and under oath stated that she had been provided a copy of the charges, that she understood the charges, and that she knew she faced a term of imprisonment of between five and forty years. (Doc. No. 440-3, pp. 2-3). She responded affirmatively when asked if she knew she was forfeiting the right to have the matter presented to a grand jury, as she was pleading to a superseding information, and that she was waiving the right to a jury trial. (*Id.* at pp. 4-5 ). Defendant has not demonstrated that in light of her

4

representations to the Court that counsel was constitutionally ineffective. The record belies any claim that her plea was not knowing, intelligent, or voluntary. She does not allege in any manner that but for some unidentified error in explaining concepts that she represented she understood, that she would have insisted on going to trial as would be required to establish prejudice. As such, Defendant is not entitled to relief on Ground Three of her § 2255 motion.

In Ground Four of the instant motion Defendant contends that her counsel was constitutionally ineffective because he did not explain the appellate process to her. This contention is rebutted both by the plea colloquy conducted by the Court with Defendant and the testimony of Mr. Autry at the June 2, 2016 hearing. At the plea hearing on June 5, 2015, the Court engaged in the following with Defendant and her counsel:

| | |
|---|---|
| The Court: | Does it also include the waiver of the right to appeal? |
| Mr. Autry: | Yes, Your Honor. |
| The Court: | You understand, Ms. Laster, if the Court approves this plea agreement that, with some limited exceptions, you are forgoing your rights to appeal? |
| The Defendant: | Yes. |
| The Court: | Do you have any questions about that? |
| The Defendant: | No, sir. |

Doc. No. 440-3, pp. 7-8. Mr. Autry testified credibly that he explained Defendant's rights to her and discussed the same both before and after she entered her plea of guilty. As such, Defendant cannot now prevail on her claim that counsel was constitutionally ineffective for failing to explain the appellate process or her legal rights.[1]

---

[1] As noted by the Government in response to Defendant's motion, the argument that Ms. Laster did not understand that she had the right to appeal is directly contrary to her argument that she requested that counsel file an appeal and that he ignored her request.

In her Reply brief Defendant asserts that a Department of Justice policy issued on October 14, 2014 dictated that federal prosecutors should no longer ask defendants to waive future claims of ineffective assistance of counsel. Although Defendant contends this policy should have, but was not, applied in her case, her plea agreement indicates otherwise. The agreement specifically recites that Defendant waived her right to collaterally challenge her conviction "except with respect to claim of ineffective assistance of counsel." Doc. No. 280, p. 8. Furthermore, the United States did not assert any such waiver in response to the instant motion. Accordingly, Defendant's contention that a miscarriage of justice has occurred it without merit.

For the reasons set forth herein, Defendant Jackie Laster's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby DENIED.

IT IS SO ORDERED this 3rd day of June, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE